## PRICE *v.* PRICE *et al.*

*(District Court, E. D. Virginia.* June, 1880.)

1. BANKRUPTCY—POWERS OF ASSIGNEE—SUIT IN STATE COURT.
   The assignee of a bankrupt cannot, either voluntarily or by service of process, become a party to a suit in a state court to enforce a lien against the bankrupt's lands, except by express authority from the bankrupt court, as that court, under the bankruptcy act, has exclusive jurisdiction over the entire estate.

2. SAME—ESTOPPEL.
   But, although the assignee is made a party without such authority, the bankrupt himself cannot, after litigating the case during five years to a final decree in the state supreme court, have an injunction in the bankruptcy court against the execution of such decree.

In Bankruptcy. Bill by Warfield Price against Tazwell Price and others to enjoin the enforcement of a decree rendered in a state court. On motion to dissolve a preliminary injunction. Granted.

*J. A. Meredith* and *E. Barksdale,* for plaintiff.

*Hansbrough & Hansbrough* and *Guy & Gilliam,* for defendants.

HUGHES, J. In this case a lien creditor filed a bill in a state court in September, 1874, to subject land of the bankrupt's estate bound by trust-deed, and joined the bankrupt and his assignee in bankruptcy, among others, as defendants. It was competent for the creditor to do so, if he could secure the assignee in bankruptcy as a defendant; but the assignee had no legal authority to become such defendant unless by special order of the bankruptcy court; that court having exclusive jurisdiction over the bankrupt's estate, real as well as personal. See sixth clause of section 711, the eighteenth of section 563, and section 4972, Rev. St. U. S. Unless express authority from the bankruptcy court were necessary to authorize an assignee to be sued in respect to the bankrupt's estate vested by law in him, the law of congress giving exclusive jurisdiction to the bankruptcy court over the bankrupt's estate would be futile, and that jurisdiction would be of no avail. The complainant in the suit in the state court had no right to call the assignee in bankruptcy into that court; nor could the assignee consent to be a party there, except by express order of this court, granting leave. The suit in the state court was therefore faulty in its inception. Nevertheless it went on to a final decree, and was taken up from that decree by petition for appeal to the appellate court of highest resort in the state, and the peti-

tion for appeal was unanimously denied by all the judges of that court. I do not know whether the defective inception of the proceeding was shown or relied upon by the defense, either in the court below or in the appellate court. I suppose it was not. The record seems to show that it was not. The cause seems to have been determined in the state court on its merits, and the question of jurisdiction as to the assignee in bankruptcy seems not to have been raised. If the assignee had applied to this court for leave to make himself defendant in the state court it would have been granted unless strong cause had been shown against doing so; and, if the bankrupt had shown, as charged in this case, that the assignee was acting in collusion with the complainant in the suit in the state court to defraud his estate, still the order would have been given, but the assignee complained of would have been removed, and another assignee appointed. But the bankrupt (nor any other person) did not apply to this court either for an order restraining the assignee from being made, or from becoming party defendant to that suit, or for an order removing the colluding assignee and appointing another. The suit was allowed to go on upon its merits, without the fact being brought to the attention of this court, which had in fact made an order directing the removal to the western district of the bankruptcy proceeding in this cause. And now, nearly six years after the suit in the state court was instituted, the bankrupt himself files his bill here asking that the complainant and officers in the state court be enjoined from the execution of the decree of the state court. The question is whether the ground indicated above, which was a good one at the inception of the suit in the state court, if then promptly availed of, to stop the suit there, is of such a nature as now to justify this court in arresting proceedings under the decree of the state court. I think the objection was of such a nature as, if not availed of at the proper time, was cured by the acquiescence of the bankrupt. After actively participating in a litigation for five years, until he had availed himself of every expedient allowed by law in the state court for the protection of his interests, and finally lost his cause there, he will not be heard here in arguing a technical objection to the proceeding there, which he has slept upon for five years. The injunction which has been granted by this court must be dissolved.